# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| FOUR P's, LP<br>　　Plaintiff,<br><br>v.<br><br>FIREMAN'S INSURANCE COMPANY,<br>OF WASHINGTON, DC.<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, FOUR P's, LP, by and through the undersigned counsel, and hereby files this lawsuit against Defendant, FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., for the reasons stated herein below:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for Breach of Contract and Bad Faith.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S. Code § 1332.

3. The amount in controversy exceeds $75,000.00.

4. Plaintiff is a Texas Corporation with its principal place of business located in Wichita Falls, Texas.

5. Defendant is a foreign company registered in Wilmington, Delaware, that issues policies in the State of Texas, including the policy purchased by Plaintiff.

6. On or about May 8, 2015, Plaintiff suffered a loss due to a hail and/or wind storm to its insured property located at 2617 Plaza Parkway, Wichita Falls, Texas, 76308.

7. Venue is proper pursuant to 28 U.S. Code § 1391 because it is the venue in which the cause of action accrued, *i.e.,* where the covered loss occurred.

## FACTS COMMON TO ALL COUNTS

8. Defendant issued insurance policy number CPA 4568032-16 to Plaintiff that provided coverage for the insured property located at 2617 Plaza Parkway, Wichita Falls, Texas, 76308. A true and correct copy of the policy is attached hereto as **Exhibit "A."**

9. The policy is an all-risks policy; as such, it covered Plaintiff's property for all direct physical losses unless otherwise excluded.

10. The policy covers damage to the roof surfaces caused by hail when such damage allows the penetration of water or results in the failure of the roof covering to perform its intended function to keep out the elements over an extended period of time.

11. The policy covers any and all direct physical damage caused by wind.

12. The policy covers ensuing interior water damages through any and all openings created by wind and/or hail.

13. The policy does not contain a Wind Cosmetic Damage limiting endorsement.

14. The policy includes replacement cost coverage.

15. The policy includes code upgrade coverage.

16. The policy does not include an endorsement limiting recovery for damages caused by wind or hail.

17. On or about, May 8, 2015, Plaintiff incurred a direct loss due to a hail and/or wind storm ("the loss") to its property.

18. Plaintiff timely notified Defendant of the loss and fulfilled all of its obligations under the policy pertaining to Defendant's investigation of its claim.

19. Despite Plaintiff's cooperation, and despite the extent and severity of the damage suffered at the insured property, Defendant ultimately denied insurance benefits to Plaintiff that

were due and owing under the policy, thereby failing to uphold its obligation to its insured.

20. Specifically, Plaintiff's property suffered storm damage severe enough to require a full replacement of the roofing system.

21. The intended purpose of the roofing system has been compromised.

22. The roof's life-span has been shortened.

23. Despite the severe damage, Defendant has failed to pay what is owed.

24. Plaintiff timely reported its claim to Defendant.

25. Plaintiff complied with all post-loss conditions under the policy.

26. Defendant's failure to pay owed insurance benefits to Plaintiff after a loss occurred is a breach of the contract of insurance.

27. Defendant's failure to properly investigate the loss, along with its failure to timely adjust the loss create liability for bad faith and amount to unfair settlement practices.

## COUNT I: BREACH OF CONTRACT

28. Plaintiff reincorporates and restates allegations set forth in paragraphs 1-27 above by this reference.

29. Pursuant to the policy, Defendant has a contractual obligation to pay the full amount of the loss, including the cost to repair, restore, and/or replace the damaged property, less applicable deductibles.

30. Defendant breached the policy by denying Plaintiff's claim and thereby failing to pay Plaintiff the requisite benefits due under the policy.

31. Upon receiving timely notice of Plaintiff's claim, Defendant hired Donan Engineering to investigate the loss.

32. Donan Engineering improperly concluded that the damage to the property was not

attributable to covered losses, and as such, the Defendant, based upon Donan Engineering's findings, denied Plaintiff's claim. Donan Engineering failed to complete a single test of the roof surface to determine whether hail damage caused functional damage to the roof coverings.

33. As a result of Defendant's sub-par investigation, and adjustment of the loss, Plaintiff ended up having to retain a public adjuster and its own experts to re-assess the property and determine the cause and extent of the loss.

34. Specifically, Plaintiff hired Mr. Brian Barnes, a public adjuster, who inspected the property and provided an estimate in the amount of $466,811.37. A copy of Mr. Barnes Estimate is attached hereto as **Exhibit "B."**

35. Plaintiff also retained Larry McCallister of LJB Restoration, Consulting and Construction, (hereinafter "LJB), who inspected the property and reviewed data from the Weather Guidance Forensics Unit (StormIntelligence Verify Hail History Report). He concluded that widespread hail damage existed at the buildings, including damage to the roofing systems, windows and EIFS. A copy of LJB's Roof Survey Report is attached hereto as **Exhibit "C."**

36. Finally Plaintiff retained Greg Kaszas, P.E. of GRK Consulting Engineers, Inc. who after reviewing the above-referenced documents, reviewing the weather data from the National Oceanic and Atmospheric Administration and Severe Weather Data Inventory, and doing his own inspection found that there had been hailstones on the date of loss "on the order of between 1-1/4 inches to 2 ½ inches in diameter." He concluded the hail's impact caused functional damage to the subject property, consistent with LJB. A copy of the GRK report is attached hereto as **Exhibit "D"**.

WHEREFORE, the Plaintiff, respectfully requests that the Court enter judgment in favor of Plaintiff, Four P's, against Defendant, Firemen's Insurance Company of D.C., in the amount of

$466,811.37, less any applicable deductibles. Additionally, Plaintiff is requesting this Court award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant Chapter 38.001 of the Texas Civil Practice and Remedies Code, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II: BAD FAITH/UNFAIR CLAIM SETTLEMENT PRACTICE

37. Plaintiff reincorporates and restates allegations set forth in paragraphs 1-36 above by this reference.

38. Defendant wrote and sold the policy purchased by Plaintiff intending to provide benefits for covered losses such as hail and wind storms.

39. Plaintiff paid insurance premiums to bind the policy.

40. Under the policy, Defendant owes its insured a duty of good faith and fair dealing to fully and fairly adjust Plaintiff's claims.

41. Defendant has the obligation to treat Plaintiff fairly.

42. Defendant has the obligation to retain competent adjusters to adjust its insureds' claim.

43. Defendant has the obligation to place its insured's financial interests at least equal to, if not better than Defendant's financial interests.

44. Defendant has the obligation to retain unbiased engineers.

45. Defendant has the obligation to ensure that its retained engineers apply the proper standards as defined by the policy.

46. Defendant has the obligation to properly apply the terms of the policy to its insureds' loss.

47. Defendant has the obligation to pay for any and all covered damages to Plaintiff's

property as a result of this loss, including but not limited to replacement of the roof.

48. Defendant has the obligation to consider any and all information provided to it by Plaintiff and/or its representatives during the adjustment of the loss.

49. Defendant breached its duties by:

a. conducting an incomplete, inadequate, and/or outcome-oriented investigation of the Plaintiff's loss in order to avoid paying benefits due and owing, including but not limited to costs sufficient to replace the roof;

b. failing to consider Plaintiff's professionals' reports and estimates regarding the loss;

c. misleading Plaintiff as to the terms, conditions, and coverage under the policy for the loss;

d. retaining outcome-oriented experts that routinely deny and/or undervalue claims for Defendant and/or other insurers in the industry.

e. failing to adjust and/or pay the claim within a reasonable time after receiving notice of the loss; and

f. denying coverage for the Plaintiff's claim, delaying payment, refusing to pay, and failing to pay for the repairs and line items set forth herein as a matter of course, rather than as a result of fully and fairly investigating the loss.

50. Defendant knew and either ignored or recklessly disregarded the fact that there was no reasonable basis for engaging in the conduct alleged in Paragraph 49.

51. Defendant's denial of benefits due and owing under the policy has caused Parker Square financial distress, pecuniary loss, and has resulted in additional consequential damages.

52. Defendant knew or should have known that that its decision to deny Plaintiff's

claim would cause Plaintiff financial distress and pecuniary loss.

53.     By committing the acts and/or omissions as described in Paragraph 49, Defendant has breached the covenant of good faith and fair dealing with regards to its insured.

54.     This breach of the covenant of good faith and fair dealing amounts to unfair settlement practice under Texas law, and has caused Plaintiff to incur injuries, damages, and losses in amounts to be determined at trial.

55.     Plaintiff has provided its 60-day letter to United Fire as is required by Chapters 541 and 542 of the Texas Insurance Code as a prerequisite for this lawsuit. *See* 60-day notice letter attached hereto as **Exhibit "E".**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff, Four P's LP and against Defendant, Firemen's Insurance Company of Washington, D.C., in the amount of $466,811.37, less any applicable deductibles. Additionally, Plaintiff is requesting this Court award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant under Chapter 542, regarding unfair claim settlement practices, and for any such other relief as the Court deems appropriate under the circumstances.

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

**FOUR P'S, LP**

By:  */s/ Larry E. Bache, Jr.*
Larry E. Bache, Jr.
Merlin Law Group, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
Telephone:    (813) 229-1000
Facsimile:    (813) 229-3692
Email: lbache@merlinlawgroup.com